IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Muhammad Abdurrahman,<br><br>Appellant,<br><br>v.<br><br>Mark Dayton, in his official capacity as Governor of the State of Minnesota, Lori Swanson, in her official capacity as Attorney General of the State of Minnesota, and Steve Simon, in his official capacity as Secretary of State for the State of Minnesota,<br><br>Appellees. | 8th Cir. Case No. 16-4551 |

**REPLY TO APPELLEES' OPPOSITION TO
APPELLANT'S MOTION TO SUPPLEMENT THE RECORD**

## INTRODUCTION

Dr. Abdurrahman commenced his lawsuit according to Federal Rules of Civil Procedure Rule 8. Specifically, he provided (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that he is entitled to relief; and (3) a demand for the relief sought. *See* Fed. R. Civ. P. 8(a). But contrary to the federal rules, Appellees argue that his complaint was insufficient and can be dismissed for the failure to preemptively plead facts

1

showing that his claims would be "capable of repetition, yet evading review," if Appellees successfully mooted those claims in fact. Further, Appellees argue that Dr. Abdurrahman should have preemptively shown that his declaratory relief claim is "capable of repetition, yet evading review," through the submission of evidence with his motions for TRO and preliminary injunction and summary judgment, even though the issue was first raised in Appellees' responsive memorandum filed the day before the hearing on Appellant's motion for TRO and preliminary injunction.

 Every circuit court to address the issue has rejected Appellees' contention that "capable of repetition, yet evading review" facts must be addressed preemptively in a complaint, and Appellees' latter argument merely highlights the unfairness in the district court's decision to *sua sponte* dismiss this action as moot without affording Dr. Abdurrahman notice and the opportunity to be heard on the mootness issue so the appropriate record could have been made.

# **TABLE OF CONTENTS**

*Page(s)*

INTRODUCTION ...................................................................................................1

TABLE OF AUTHORITIES ..................................................................................4

REPLY ARGUMENT ............................................................................................5

    I.      Appellees Erroneously Conflate Appellant's Injunctive Relief Claim with his Declaratory Relief Claim and in turn Misconstrue his Appeal. ...........................................................................5

    II.     The Law Did Not Require Appellant to Allege that his Declaratory Relief Claim is Capable of Repetition, Yet Evading Review. ................................................................................8

    III.    The Law Did Not Require Appellant to Submit Evidence that his Declaratory Relief Claim is Capable of Repetition, Yet Evading Review. ..............................................................................12

CONCLUSION .....................................................................................................13

# **TABLE OF AUTHORITIES**

*Page(s)*

*Cases*

*Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 970 (8th Cir. 1990) .................................................. 11

*Cox v. Livingston*, 407 F.2d 392 (2d Cir. 1969) ....................................................... 11

*Dataphase Sys., Inc. v. C L Sys. Inc.*, 640 F.2d 109 (8th Cir. 1981) ......................... 7

*Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013) ............................. 12

*Int'l Org. of Masters, Mates & Pilots v. Brown*, 498 U.S. 466 (1991) .................... 10

*Jaconski v. Avisun Corp.*, 359 F.2d 931 (3d Cir. 1966) ............................................ 9

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1991) .............................................. 12

*Merle v. United States,* 351 F.3d 92 (3d Cir. 2003) ................................................ 10

*N. Carolina Right To Life Comm. Fund For Indep. Political Expenditures v. Leake*, 524 F.3d 427 (4th Cir. 2008) ........................................... 10

*Schaefer v. Townsend,* 215 F.3d 1031 (9th Cir. 2000) ............................................ 10

*Van Bergen v. State of Minn.*, 59 F.3d 1541 (8th Cir. 1995) .................................. 10

*Statutes*

28 U.S.C. § 1653 ....................................................................................................... 11

*Rules*

Fed. R. Civ. P. 6 ......................................................................................................... 6

Fed. R. Civ. P. 8 ............................................................................................... 1, 9, 13

Fed. R. Civ. P. 65 ....................................................................................................... 6

4

# REPLY ARGUMENT

## I. Appellees Erroneously Conflate Appellant's Injunctive Relief Claim with his Declaratory Relief Claim and in turn Misconstrue his Appeal.

It is important to remember what Dr. Abdurrahman is appealing. In the "facts" section of their opposition, Appellees wrote that:

> After a hearing, the district court held that Abdurrahman's claim was moot and barred by laches (Memo & Order 3-6, Dist. Ct. Kt. No. 22.) For these reasons, the court denied Abdurrahman's motion and dismissed his complaint. (*Id.* 10-11.)

(Appellees' Opp. at 2.) This is a severe oversimplification of Dr. Abdurrahman's lawsuit and the district court's decision.[1] And it needs correcting. Dr. Abdurrahman's complaint consisted of two claims: (1) injunctive relief; and (2) declaratory relief. (Compl. ¶¶ 41-66 [Dkt. 1].) In conjunction with the first claim, Dr. Abdurrahman moved for a temporary restraining order ("TRO") and preliminary injunction, which the district court considered "as one for a preliminary injunction

---

[1] To be fair, Appellees' oversimplification and conflation of Dr. Abdurrahman's two claims uses language mirroring the district court's. (*See* Memo & Order at 11 [Dkt. 22] ("Abdurrahman's claim is moot and barred by laches.").) But the court's inartful conclusion should not confuse its reasoning. For example, as the court earlier explained, the laches defense only applied to the injunctive relief claim. (*See id.* at 4-6 (reasoning that Dr. Abdurrahman is not entitled to "injunctive relief" because he created his own emergency). This is, of course, consistent with the doctrine of laches. Considering the effective deadline for relief is now in 2020 or 2021, Appellees cannot be prejudiced with the timing of Dr. Abdurrahman's declaratory relief claim.

pursuant to Fed. R. Civ. P. 65." (Memo & Order at 1 [Dkt. 22].) Additionally, Dr. Abdurrahman moved for summary judgment seeking, in part, a declaratory judgment declaring the Uniform Faithful Presidential Electors Act ("UFPEA") unconstitutional.[2] (Mot. for Sum. Judg. at 2 [Dkt. 11].) This was separate from this TRO/preliminary injunction motion.

On December 22, 2016, less than three full days after Dr. Abdurrahman filed his complaint, he received a hearing for his TRO/preliminary injunction motion. (*See* Memo & Order at 1 [Dkt. 22]; *see also* Minute Entry [Dkt. 21].) Before this hearing, Appellees' lone filing was their opposition and supporting materials to the TRO/preliminary injunction motion. (*See* Appellees Opp. to TRO [Dkt. 16] and Aff. of Bert Black [Dkt. 20].) While Appellees argued mootness in that filing, they appropriately addressed it within the bounds of Dr. Abdurrahman's TRO/preliminary injunction motion. (*See* Appellees Sum. Judg. Resp. at 1, n.1, 7-8.) They did not, however, move to dismiss Dr. Abdurrahman's complaint. At the hearing, scheduled the morning after Dr. Abdurrahman received Appellees'

---

[2] Dr. Abdurrahman's motion for summary judgment also sought injunctive relief, which is inherently time sensitive. (Mot. for Sum. Judg. at 1-2 [Dkt. 11].) Thus, in conjunction with his motion for summary judgment, he moved *ex parte* for relief from the time constraints under Fed. R. Civ. P. 6(c) and D. Minn. LR 7. (*Ex Parte* Mot. at 1-3 [Dkt. 9].) Dr. Abdurrahman does not appeal the denial of this *ex parte* motion or the denial of the specific injunctive relief he sought below.

6

response, Dr. Abdurrahman addressed Appellees' mootness argument for the first time.

The following day, on December 23, 2016, the district court denied Dr. Abdurrahman's TRO/preliminary injunction motion because of mootness, laches, and because he did not meet the standard for relief under this Court's test set forth in *Dataphase Sys., Inc. v. C L Sys. Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). (*See* Memo & Order at 3-11 [Dkt. 22].) Dr. Abdurrahman does not appeal the denial of his TRO/preliminary injunction motion.

In *addition* to denying Dr. Abdurrahman's TRO/preliminary injunction motion, however, the district court dismissed his entire complaint. (*Id.* at 11 [Dkt. 22].) This came as a complete surprise to Dr. Abdurrahman. The parties had not yet fully briefed his declaratory relief claim, let alone sufficiently argued or submitted evidence on the specific issue of mootness and whether the case was "capable of repetition, yet evading review." Instead, as discussed in Appellant's motion, the court dismissed Dr. Abdurrahman's entire complaint on an unsupported *sua sponte* factual finding before discovery even began.

In the instant motion, Dr. Abdurrahman has argued that the district court's abrupt dismissal, which negated any opportunity to develop a record, complicated the appeal of his declaratory relief claim – both for Dr. Abdurrahman and for this Court. Thus, Dr. Abdurrahman has argued that supplementing the record will help

7

this Court get the correct answer to this jurisdictional question. Appellees now argue that Dr. Abdurrahman should have seen the *sua sponte* dismissal coming. But even if they are correct that he should have foreseen mootness becoming a central issue, Appellees have not shown, <u>as a matter of law</u>, when, in less than three full days, Dr. Abdurrahman was supposed to introduce facts showing that his declaratory relief claim is "capable of repetition, yet evading review." The only explanation for their failure to cite authority is a lack of authority.

## II. The Law Did Not Require Appellant to Allege that His Declaratory Relief Claim is Capable of Repetition, Yet Evading Review.

The first place that Appellees argue that Dr. Abdurrahman should have introduced these facts is in his complaint. Specifically, Appellees argue:

> The only reason that the alleged facts Abdurrahman seeks to enter were not included in the record below is that he himself unaccountably failed to present them in the district court, either as pleading allegations or in materials supporting his TRO or summary judgment motions.

(Appellees' Opp. at 6.) At a superficial level, Appellees are correct that the reason Dr. Abdurrahman now seeks to supplement the record is because he did not introduce these facts earlier. But that is not the issue at hand. The question is whether the law required Dr. Abdurrahman to submit these facts at the pleadings stage. Only then can there be "unexplained neglect." (*Id.*)

Appellees provide no legal basis, whether through a case, a statute, or a court rule, requiring these factual allegations. Instead, without citation, they argue:

8

> It was therefore entirely foreseeable that Abdurrahman, like every other plaintiff in federal court, would be required to allege and prove facts demonstrating that his claims were not moot at any stage of the litigation, including on appeal.

(Appellees' Opp. at 4.) More specifically, Appellees argue:

> Moreover, it was equally foreseeable that Abdurrahman's lawsuit (filed on December 19, 2016) would require more than three weeks to litigate, inevitably raising mootness issues once Congress counted Minnesota's electoral votes on January 6, 2017.

(Appellees' Opp. at 4.) Dr. Abdurrahman is unaware of any authority requiring a preemptive pleading alleging that a claim is "capable of repetition, yet evading review" based on an opposing party's foreseeable argument – within three days of filing a complaint or longer. In fact, to the contrary, the weight of authority goes the other way.

First, as mentioned above, the pleading requirements in the federal rules do not require anything more than a "short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a); *see also Jaconski v. Avisun Corp.*, 359 F.2d 931, 934 (3rd Cir. 1966) ("[A]ll that is necessary is that the complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends.") Requiring anything more is simply inconsistent with this rule. *See id.*

Second, and directly on point, the circuit courts have thus far unanimously held that a party does not need to allege the "capable of repetition, yet evading

9

review" exception to preemptively defend against a mootness argument. The Fourth Circuit stated this rule as follows:

> In making this determination, we reject, as other circuits have, the argument that an ex-candidate's claims may be "capable of repetition, yet evading review" only if the ex-candidate specifically alleges an intent to run again in a future election. Thus, we conclude that the plaintiffs' claims are not moot.

*N. Carolina Right To Life Comm. Fund For Indep. Political Expenditures v. Leake*, 524 F.3d 427, 435–36 (4th Cir. 2008) (citing *Schaefer v. Townsend,* 215 F.3d 1031, 1033 (9th Cir. 2000); *Merle v. United States,* 351 F.3d 92, 95 (3d Cir. 2003); *Int'l Org. of Masters, Mates & Pilots v. Brown,* 498 U.S. 466, 473 (1991)). These cases are important for at least two reasons. First, they implicitly recognize that the "capable of repetition, yet evading review" exception is a factual inquiry. Mere allegations – or lack thereof – are insufficient to dismiss a claim. Second, like this case, *Leake*, *Schaefer*, and *Merle* involve disputes over election laws. Thus, this Court's holding in *Van Bergen v. State of Minn.*, 59 F.3d 1541, 1547 (8th Cir. 1995), which reasoned that election cases "are among the most frequently saved from mootness by [the "capable of repetition, yet evading review"] exception," continues to have strong support nationwide.

Appellees' argument regarding defective allegations also asks too much. As Appellant argued in his original motion, if Appellees are correct, then Dr. Abdurrahman could merely avail himself of a federal statute that liberally allows an

10

amendment to cure "defective allegations of jurisdiction" in this Court. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."); *accord Cox v. Livingston*, 407 F.2d 392, 393 (2d Cir. 1969) ("[28 U.S.C. § 1653] is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist.") (internal citations omitted).

Dr. Abdurrahman did not rely on 28 U.S.C. § 1653 because of the overwhelming authority stating that he did not need to allege facts in support of the "capable of repetition, yet evading review" exception. Thus, there is no defect in his complaint. But if this Court disagrees with the Third, Fourth, and Ninth Circuits, in response to Appellees' new argument raised in their opposition, Dr. Abdurrahman hereby requests leave to amend the instant motion and thus, in the alternative, amend his complaint under 28 U.S.C. § 1653. In turn, using that same statute, Dr. Abdurrahman similarly requests to supplement the record with the same two declarations. *See Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 970 (8th Cir. 1990) (permitting supplementation of the record under 28 U.S.C. § 1653 to show jurisdiction). Either way, of course, consistent with relevant law, Dr. Abdurrahman merely seeks to aid this Court in its determination of whether his claim is "capable of repetition, yet evading review."

### III. The Law Did Not Require Appellant to Submit Evidence that His Declaratory Relief Claim is Capable of Repetition, Yet Evading Review.

The second place that Appellees argue that Dr. Abdurrahman should have introduced these facts is "in materials supporting his TRO or summary judgment motions." (Appellees' Opp. at 6.) This argument is misplaced for at least two reasons. First, the proposed declarations do not support *anything* argued in either of those motions. Dr. Abdurrahman argued the merits of his case in those filings – that UFPEA is unconstitutional under Article II and Amendment XII of the U.S. Constitution. He did not attempt to preemptively argue (a) his current jurisdictional right to bring the claim under the doctrine of standing; or (b) his future jurisdictional right under the doctrine of mootness.[3] Again, to date, Appellees have not provided any authority requiring Dr. Abdurrahman to make either argument, with or without providing the proposed declarations.

---

[3] In a footnote, Appellees sought to correct Dr. Abdurrahman's statement that "mootness assumes that jurisdiction was present at the beginning of the action," (*see* Appellant's Mot. at 6 n.3,) by arguing that a claim can be moot "at the outset." (*See* Appellees' Opp. at 4 n.2.) Appellees' argument confuses the legal doctrine of "mootness" with "standing." *Compare Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013) (explaining mootness), *with Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1991) (explaining standing). In any event, Appellees have not argued that Dr. Abdurrahman lacked standing to bring his claim "at the outset." They argued that a subsequent event – Appellees delivery of electoral votes – rendered Dr. Abdurrahman's *injunctive relief* claim moot. (Appellees Opp. to TRO at 7-8.) This event had not yet happened when Dr. Abdurrahman filed his complaint.

Appellate Case: 16-4551     Page: 12     Date Filed: 02/17/2017 Entry ID: 4503222

Second, even assuming Dr. Abdurrahman had a duty to submit these declarations because Appellees raised the mootness issue, Appellees' opposition came *after* Dr. Abdurrahman's TRO/preliminary injunction motion and summary judgment motion. Thus, again, the first opportunity Dr. Abdurrahman had to address mootness was at the TRO/preliminary injunction hearing, which occurred approximately eighteen hours after he received Appellees' opposition, and less than seventy-two hours after Dr. Abdurrahman filed his complaint. In addition to violating the pleading requirements in Fed. R. Civ. P. 8(a), it strains any notion of justice to require an evidentiary showing to prove jurisdiction in this timeframe, and particularly when the declaratory relief claim was not at issue at the TRO/preliminary injunction phase.

## **CONCLUSION**

Dr. Abdurrahman argued his TRO/preliminary injunction motion less than three full days after he filed his complaint. There is no statute, case, or court rule requiring him to preemptively allege or submit evidence that his declaratory relief claim is "capable or repetition, yet evading review" in that short period. In fact, to the contrary, the Third, Fourth, and Ninth Circuits have specifically held a claimant does not have to make this allegation, which is consistent with plain pleading requirements in Fed. R. Civ. P. 8(a). Accordingly, because Appellees have provided

13

no legal basis in opposition to Dr. Abdurrahman's motion to supplement the record, this Court should grant this motion.

                                            ECKLAND & BLANDO LLP

Dated: February 17, 2017         /S/ DANIEL J. CRAGG
                                              Daniel J. Cragg, Esq.
                                              Vince C. Reuter, Esq.
                                              Jared M. Reams, Esq.
                                              800 Lumber Exchange
                                              10 South Fifth Street
                                              Minneapolis, MN  55402
                                              (612) 236-0160

                                              *Counsel for Appellant*

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

| | |
|---|---|
| Muhammad Abdurrahman, | 8th Cir. Case No. 16-4551 |
| Appellant, | |
| v. | |
| Mark Dayton, in his official capacity as Governor of the State of Minnesota, Lori Swanson, in her official capacity as Attorney General of the State of Minnesota, and Steve Simon, in his official capacity as Secretary of State for the State of Minnesota, | |
| Appellees. | |

**CERTIFICATE OF COMPLIANCE**

1. Appellant's Reply to Appellees' Opposition to Appellant's Motion to Supplemental the Record complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 2,506 words, excluding the parts specified in Fed. Fed. R. 27(d)(2) and Fed. R. App. P. 32(f).

2. Appellant's Reply to Appellees' Opposition to Appellant's Motion to Supplemental the Record complies with the typeface and typestyle requirements of Fed. R. App. P. 27(2)(E), Fed. R. App. P. 32(a)(5), and Fed. R. App. P. 32(a)(6)

because it was prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point times new roman font.

                                                         ECKLAND & BLANDO LLP

Dated: February 17, 2017              /S/ DANIEL J. CRAGG
                                                       Daniel J. Cragg, Esq.
                                                       Vince C. Reuter, Esq.
                                                       Jared M. Reams, Esq.
                                                     800 Lumber Exchange
                                                     10 South Fifth Street
                                                     Minneapolis, MN  55402
                                                   (612) 236-0160

                                                   *Counsel for Appellant*